IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>RICKEY M. TUTT<br>ZERITA H. TUTT<br>    DEBTOR(S)<br><br>RICKEY M. TUTT<br>ZERITA H. TUTT<br>    PLAINTIFF(S)<br><br>V.<br><br>COUNTRYWIDE HOME LOANS, INC.,<br>    DEFENDANT(S) | CASE NO.   04-37538-H5-13<br><br><br><br>ADVERSARY NO. 04-3709 |

## MEMORANDUM OPINION

Before the Court is an adversary proceeding pursuant to Bankruptcy Rules 7001(2) and 3007. Debtors and plaintiffs Rickey Mays Tutt and Zerita H. Tutt object to creditor /defendant Countrywide Home Loans, Inc.'s (Countrywide) proof of claim and complain that Countrywide's debt and lien on the Tutts' real property are invalid under Tex. Bus. & Com. Code § 39.008.[1] Additionally, plaintiffs claim the lien is void under Tex. Prop. Code § 53.059. Alternatively, plaintiffs argue that if the debt is not invalid, the defendant's debt should be limited to the lesser amount creditor agreed to in a prior bankruptcy case. This Court has jurisdiction pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] At the time the events set forth in this case occurred, this statute was codified at Tex. Rev. Civ. Stat. Art. 5069-13.01 et seq. (Vernon 1995). It is now Tex. Bus. & Com. Code Ann. § 39.001-.009 (Vernon 2002). The provisions relevant to this case remain substantially unchanged.

After due consideration, the Court finds that the contractor violated Tex. Bus. & Com. Code § 39.008(a)(3) and Tex. Prop. Code § 53.059. Accordingly, the debt and lien are void. The objection to the claim is sustained, and the claim is disallowed in its entirety. Thus, the Court does not reach the issue of whether the claim should be limited to the agreed amount in a previous bankruptcy.

## Facts

Rickey and Zerita Tutt own a homestead in Harris County, Texas. In late December 1994, the Tutts negotiated with a contractor, Houston Builders Operation ("Houston Builders"),[2] to have a garage built on their property. Houston Builders broke ground and began work on the garage before presenting the Tutts with any documents pertaining to the transaction. By early January 1995, construction of the garage was substantially complete.

On January 21, 1995, after the project was complete, a representative from Houston Builders came to the Tutts' home to have them sign the documents for the garage construction. That day the Tutts executed a proposal and an agreement[3] for the construction, a deed of trust, and a note in the principal sum of $12,487.50. According to Zerita Tutt's testimony, Houston Builders' representative at most identified each document for the Tutts, but offered no further information about the contents of those documents.[4]

---

[2] At trial, both parties referred to Wilson Lumber as the contractor who built the garage. However, all of the documents giving rise to the loan and security interest, with the exception of Exhibit 7, list Houston Builders Operation as the contractor. The parties do not dispute that this case involved only one project and one contractor. Thus, the contractor will hereinafter be referred to as Houston Builders.

[3] The date on the agreement for the construction is January 12, 1995, whereas all other documents included in the transaction are dated January 21, 1995. The evidence adduced at trial indicates this anomalous date was most likely the result of a typographical error, and the Tutts presumably executed the agreement concurrently with the other documents on January 21, 1995.

Although Seacoast Equities was the initial lender in this transaction, the note was transferred to Beal Bank which has been the lender from 1995 to the present. Finova Loan Administration, Inc. f/k/a Electronic Payment Systems, Inc. ("Finova"), as servicing agent for Beal Bank, was holder of the note and deed of trust, until the defendant, Countrywide, became the servicing agent for Beal Bank.

The Tutts filed chapter 13 bankruptcy ("first bankruptcy") on September 3, 1999. On November 2, 1999, Finova, the holder of the note and deed of trust at the time, filed a proof of claim listing a secured debt of $19,144.54 and arrearage of $8,030.19. Plaintiffs objected to Finova's proof of claim, and the parties resolved this objection. Pursuant to the parties' agreement, Finova filed an amended proof of claim listing a secured claim of $3,949.71 and an unsecured claim of $15,494.83. The Tutts' chapter 13 plan was confirmed on November 20, 2000, and the Tutts provided for Finova's claim as agreed.

Thereafter, Mr. Tutt lost his job and on January 4, 2004, the first bankruptcy was dismissed. The Tutts then filed another chapter 13 bankruptcy petition on May 27, 2004. On June 30, 2004, Countrywide, as the current servicing agent for Beal Bank, filed a proof of claim listing a secured claim for $37,345.37. Plaintiffs then filed the instant objection to the claim and complaint to determine the validity of Countrywide's debt and lien.

## Conclusions of Law

Plaintiffs argue that Countrywide's debt and lien are void because Houston Builders violated the Texas Home Solicitation Transactions Act. To qualify as a home solicitation transaction, Tex. Bus. & Com. Code § 39.002(a) provides:

> This chapter applies only to a consumer transaction in which the merchant or the merchant's agent engages in a personal solicitation of a sale to the consumer at a place other than the merchant's place of business, and the consumer's agreement or offer to purchase is given to the merchant's agent at a place other than the merchant's place of business:
> (1) for the purchase of goods or services for consideration that exceeds $25 payable in installments or in cash; or
> (2) for the purchase of real property for consideration that exceeds $100 payable in installments or in cash.

Tex. Bus. & Com. Code Ann. § 39.002(a)(1)-(2) (Vernon 2002). The Tutts' loan qualifies as a home solicitation transaction under this provision. At trial, uncontroverted evidence demonstrated that the Tutts had never been to the offices of Houston Builders. Furthermore,

---

Countrywide currently holds the note and deed of trust.

the Tutts executed the agreement to purchase when Houston Builders' representative brought the contract and loan documents to the Tutts' home. Finally, the consideration for Houston Builders' goods and services was $12,487.50 and thus exceeded the minimum consideration amount required under the statute. Therefore, Tex. Bus. & Com. Code §§ 39.001-.009 applies to this transaction.

The Tutts allege Houston Builders violated Tex. Bus. & Com. Code § 39.008(a)(3), by failing to orally notify the Tutts of their right to cancel the transaction. Under the statute, the consumer has the right to cancel a home solicitation transaction "not later than midnight of the third business day after the date the consumer signs an agreement or offer to purchase." *Id.* § 39.003. Additionally, the statute provides that "a merchant may not at the time the consumer signs the contract or purchases the goods, services, or real property, fail to inform the consumer orally of the right to cancel the transaction." *Id.* § 39.008(a)(3). Failure to orally notify the consumer of the right to cancel results in avoidance of the sale or contract. *Id.* § 39.008(b).

Although the documents the Tutts executed on January 21, 1995 included a written notification of the right to cancel, the evidence presented at trial demonstrates that Houston Builders' representative offered no meaningful oral notification of this right. At most, the representative merely told them as they signed one of the papers that it was their right to cancel. The Tutts both testified that nobody ever explained the terms or conditions of that right to cancel.[5]

More importantly, Houston Builders substantially completed the garage construction project before the Tutts executed or even reviewed the home improvement loan documents, including the notification of the right to cancel. Mrs. Tutt testified at trial that nobody explained what would happen to the garage if she cancelled the contract after the garage was

---

[5] The contractor failed to appear to testify at trial despite defendant Countrywide's request.

already built. Additionally, Mr. Tutt testified that by the time they signed the contract and loan documents, he and his wife "[were] not even thinking about canceling because the garage was up." To allow Countrywide's debt and lien to stand under these conditions would frustrate the statute's purpose. *See Holmquest v. Priesmeyer*, 574 S.W.2d 173 (Tex. Civ. App.--Houston [1st Dist.] 1978, no writ) (The Home Solicitation Transaction Act was designed to allow a "cooling off" period in which the consumer in a home solicitation transaction might rescind the contract).

In addition, another basis for voiding the lien against plaintiffs' homestead property is Tex. Prop. Code § 53.059, in effect from 1993 to 1997, which provided:

(a) To fix the lien on a homestead, the person who is to furnish material or perform labor and the owner must execute a written contract setting forth the terms of the agreement.
(b) The contract must be executed before the material is furnished or the labor is performed.

Tex. Prop. Code § 53.059(a)-(b) (Vernon 1997). Thus, under Texas law, a mechanic's lien that is not executed before the builder begins work or delivers materials is unenforceable against the homestead. *In re: Sorrell*, 292 B.R. 276, 286 (Bankr. E.D. Tex. 2002); *In re: Jeter*, 48 B.R. 404, 407-08 (Bankr. N.D. Tex. 1985); *Burton v. Schwartz*, 36 S.W.2d 1066, 1068-69 (Tex. Civ. App.--Fort Worth 1931, writ dismissed w.o.j.); *Lubbock Nat. Bank v. Nickels*, 63 S.W.2d 764, 767 (Tex. Civ. App.--Amarillo 1933, n. w. h.).

As plaintiffs argued, *Sorrell* is surprisingly similar to the case at bar. There the defendant failed to prove it held a valid contract that satisfied the requirements of Tex. Prop. Code § 53.059 and the court voided the entire lien. *Id.* at 287. Mr. Sorrell, the debtor, objected to the claim of Beal Bank and filed a complaint to determine the validity of a home improvement lien for work performed on debtor's homestead in October 1995. *Sorrell*, 292 B.R. at 279. The contractor commenced labor and improvements on the homestead property prior to recording or filing any of the documents with the county clerk in which the homestead was located. *Id.* at 287. Similarly, the contractor in the instant case completed

lien against the Tutts' homestead failed to satisfy the requirements of Tex. Prop. Code § 53.059(b) and is therefore void.

At trial, the Tutts argued that in the event the debt and lien were not void, the amount of Countrywide's debt should be the same as the agreed amount in the first bankruptcy. However, plaintiffs offered no case law on point or any other authority to support this request, and the Court need not reach this issue because the debt and lien are void.

Under Tex. Bus. & Com. Code § 39.008(c), any merchant who violates a provision of the chapter is liable to the consumer for reasonable attorney's fees and court costs. Tex. Bus. & Com. Code § 39.008(c)(2)-(3). Because Countrywide failed to orally notify the Tutts of their right to cancel, Countrywide violated § 39.008(a)(3) and is therefore liable to the Tutts for reasonable attorney's fees and court costs in the amount of $6,029.60 prior to trial and $600.00 for trial time.

## Conclusion

The Court hereby finds that (1) Countrywide's debt and lien on the Tutts' homestead property are void; (2) the Tutts' objection to Countrywide's proof of claim is sustained; (3) Countrywide's claim is disallowed in its entirety; and (4) the Tutts are entitled to reasonable attorney's fees and court costs.

Signed this 7th day of Oct. , 2005 at Houston, Texas.

KAREN K. BROWN
CHIEF UNITED STATES BANKRUPTCY JUDGE